UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MARTIN J. WALSH, Secretary of
Labor, United States Department of
Labor,

              Plaintiff

                                Civil Action No.: 3:22-CV-304

v.

PUSH UNDERGROUND
CONSTRUCTION, LLC, STANLEY
WEBB, an individual, and AMANDA
WEBB, an individual,

              Defendants

## <u>ORDER FOR PARTIAL JUDGMENT</u>

Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), having filed his "*Motion for Judgment of Default Against All Defendants*", and for good cause shown and reviewed during today's hearing on that motion, **PARTIAL JUDGMENT IS HEREBY ENTERED** against Defendant **PUSH UNDERGROUND CONSTRUCTION, LLC** ("Push") under section 217 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (the "Act") as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant Push, its officers, agents, servants, successors, employees, and all persons in active concert or participation with it be and hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

1

**I**

A.    Defendant Push shall not, contrary to sections 206 and 215(a)(2) of the Act, employ any of its employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at a rate less than $7.25 per hour (or at a rate not less than such other applicable minimum rate as may hereinafter be established by amendment to the Act);

B.    Defendant Push shall not, contrary to sections 207 and 215(a)(2) of the Act, employ any nonexempt employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

C.    Defendant Push shall not fail to make, keep, and preserve records of its nonexempt employees and of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 211(c) of the Act and found in 29 CFR Part 516. This includes, but is not limited to, maintaining records of all hours worked by each nonexempt employee in each workday and each workweek, and records of compensation paid to each such employee in each workweek, whether payment is made by a payroll check, personal check, cash, or a combination thereof. The records maintained by

Defendant Push shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily work start and stop times of each employee, and the specific method of payment made to each employee.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Plaintiff and against the Defendant Push in the total amount of $237,130.00.

A.     Defendant Push shall pay to Plaintiff the sum of $118,565.00, which represents the minimum wage and overtime compensation hereby found to be due to the current or former employees named in Exhibit B, attached hereto and made a part hereof.

B.     Defendant Push shall further pay to Plaintiff as liquidated damages the additional sum of $118,565.00 hereby found to be due the present and former employees named in Exhibit B.

C.     The unpaid compensation and liquidated damages referred to herein cover the present and former employees identified in Exhibit B, respectively, for the following time period from September 2, 2018, to August 8, 2020. This compensation and liquidated damages are to be joint and several obligations of Defendant Push to any that may or may not be entered against Defendants STANLEY and AMANDA WEBB.

**III**

**FURTHER**, it is hereby **ORDERED** that **PUSH UNDERGROUND CONSTRUCTION, LLC** bear its own fees and other expenses incurred in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**IV**

**FURTHER**, this court shall retain jurisdiction of this matter to enforce the terms of this partial judgment under  Federal Rule of Civil Procedure 54.

**SO ORDERED.**

**DATED** _May 11, 2023_ _____

_____
DISTRICT JUDGE WILLIAM M. CONLEY